IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-02431-REB-BNB

ZACHARY WELLS,
FRED WELLS, and
KATHYRYN WELLS,

    Plaintiffs,

v.

AMERICAN FAMILY INSURANCE GROUP, a Wisconsin corporation,

    Defendant.

### ORDER RE: MOTION TO DISMISS CLAIM AND TO REMAND

**Blackburn, J.**

    The matter before me is plaintiffs' **Motion to Dismiss Claim and to Remand** [#7], filed December 19, 2006. I grant the motion to dismiss but deny the motion to remand.

    Plaintiffs commenced this action in the District Court in and for the City and County of Denver, Colorado, alleging breach of contract and bad faith in connection with denial of a claim for benefits under an automobile insurance policy issued by defendant. Defendant timely removed the action to this court based on diversity of citizenship. Plaintiffs now move to dismiss their cause of action for bad faith breach of the insurance contract pursuant to Fed.R.Civ.P. 41(a)(2). Because defendant has no objection to this request, I therefore will grant the motion to dismiss.

    Plaintiffs suggest further that, based on the dismissal of their bad faith claim, the amount in controversy is now less than the jurisdictional minimum of $75,000. **See** 28 U.S.C. § 1332(a). Therefore, they seek a remand to the state court. Assuming *arguendo* that plaintiffs' estimation of the value of their remaining claim is correct, remand is

nevertheless inappropriate under these circumstances. The law is well-settled that the existence of jurisdiction is assessed at the time the case is removed, and subsequent events cannot divest the federal court of jurisdiction once properly invoked. ***Freeport-McMoRan, Inc. v. K N. Energy, Inc.***, 498 U.S. 426, 428, 111 S.Ct. 858, 860, 112 L.Ed.2d 951 (1991); ***St. Paul Mercury Indemnity Co. v. Red Cab Co.***, 303 U.S. 283, 292, 58 S.Ct. 586, 590-91, 82 L.Ed. 845 (1938); ***Lininger v. State Farm Fire and Casualty Co.***, 958 F.Supp. 519, 520 (D. Kan. 1997). More particularly, where diversity jurisdiction existed at the time of removal, post-removal amendment of the complaint to reduce the amount of damages claimed below the statutory minimum amount in controversy will not destroy federal jurisdiction.[1] ***See, e.g.***, ***Grinnell Mutual Reinsurance Co. v. Shierk***, 121 F.3d 1114, 116 (7th Cir. 1997); ***Purple Passion, Inc. v. RCN Telecom Services, Inc.***, 406 F.Supp.2d 245, 246-47 (S.D.N.Y. 2005); ***Thompson v. Victoria Fire & Casualty Co.***, 32 F.Supp.2d 847, 848 (D.S.C. 1999); ***Lininger***, 958 F.Supp. at 520; ***McCorkindale v. American Home Assurance Co.***, 909 F.Supp. 646, 650 (N.D. Iowa 1995). ***See generally*** 14C C. WRIGHT, A. MILLER & E. COOPER, **FEDERAL PRACTICE AND PROCEDURE** § 3725 at 115 (3rd ed. 1998). ***Cf. Villano v. Kohl's***

---

[1] The rationale underlying this principle has been cogently explained by the U.S. Court of Appeals for the Fifth Circuit:

> Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

***Cavallini v. State Farm Mutual Auto Insurance Co.***, 44 F.3d 256, 264 (5th Cir. 1995).

2

*Department Stores, Inc.*, 362 F.Supp.2d 418, 420-21 (S.D.N.Y. 2005).[2]

Plaintiffs do not argue that the amount in controversy was less than $75,000 at the time this case was removed, and indeed, both the complaint and plaintiffs' civil cover sheet estimate the value of their claims at that time as exceeding $100,000. (*See* Complaint at 2, ¶ 4; Notice of Removal App., Exh. 5.)  Therefore, diversity jurisdiction existed at the time of removal, and plaintiffs' subsequent dismissal of their bad faith claim, although it may well reduce the total amount of damages they can ultimately recover, does not divest the court of jurisdiction over the case.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiffs' **Motion to Dismiss Claim and to Remand** [#7], filed December 19, 2006, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion to dismiss is **GRANTED**;

3. That accordingly plaintiffs' Second Claim for Relief for bad faith breach of the insurance contract is **DISMISSED WITHOUT PREJUDICE**; and

4. That the motion to remand is **DENIED**.

Dated March 2, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**

---

[2] *Villano*, which held that the deletion of the reference in 28 U.S.C. § 1447(c) to "improvident removal" requires remand at any time it appears the federal court lacks jurisdiction, appears to be an outlier. *See Purple Passion, Inc.*, 406 F.Supp.2d at 246-47 (refusing to adopt the reasoning of *Villano* and noting that "it has been rejected by every Court of Appeals that has considered it"; citing cases).